IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PEDRO ANTONIO REYNAGA, § <br> TDCJ-CID NO. 1192687, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-06-0289 |

**MEMORANDUM OPINION AND ORDER**

Pedro Antonio Reynaga, proceeding <u>pro se</u> and <u>in forma pauperis</u>, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging his conviction. Pending before the court are Reynaga's Petition for a Writ of Habeas Corpus by a Person in State Custody ("Fed. Writ. Pet.") (Docket Entry No. 1), Reynaga's Memorandum Brief in Support of Petition for Writ of Habeas Corpus ("Fed. Writ. Memo") (Docket Entry No. 3), Reynaga's Objection to Second Motion for Extension of Time (Docket Entry No. 13)[1], Respondent Quarterman's Motion for Summary Judgement with Brief in Support (Docket Entry

---

[1] Reynaga mailed his objection on June 7, 2006. However, Respondent's Motion for Extension of Time was granted on June 2, 2006 (Docket Entry No. 12). Accordingly, the court will consider Reynaga's objection as moot.

No. 14), and Reynaga's Response to Respondent Quarterman's Motion for Summary Judgment with Brief in Support ("Fed. Writ. Response") (Docket Entry No. 16) including a motion for an evidentiary hearing. For the reasons discussed below, the court will grant Respondent's Motion for Summary Judgment and deny Reynaga's Petition for a Writ of Habeas Corpus.

### I. Procedural History and Claims

The State indicted Reynaga for committing the felony offense of driving while intoxicated ("DWI"). Ex parte Reynaga, No. 22,492-04, at 19. The indictment included a deadly weapon charge, an enhancement paragraph for previous misdemeanor DWI convictions from April 13, 2000, and August 31, 1978, an enhancement paragraph for a previous felony manslaughter conviction on September 27, 1976, and an enhancement paragraph for a felony DWI conviction on October 15, 1985. Id. In response to the State's offer to waive the deadly weapon charge and the 1985 DWI enhancement paragraphs, Reynaga pleaded guilty on August 20, 2003, in the 174th District Court of Harris County to the felony offense of driving while intoxicated, enhanced by one prior felony conviction. Id. at 20. The court assessed punishment of twenty years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). Id.

Reynaga did not file a direct appeal of his conviction. Instead, Reynaga collaterally challenged his conviction in a state

petition for a writ of habeas corpus, filed January 9, 2004. Id. at 2-11. The trial court entered findings of fact and recommended that Reynaga's state writ be denied. Id. at 31-34. On August 31, 2005, the Texas Court of Criminal Appeals remanded the case to the trial court for additional findings of fact. Id. at Supp. 29-31. The trial court again made findings of fact and recommended that Reynaga's state writ be denied. Id. at Supp. 36-40. On September 14, 2005, the Texas Court of Criminal Appeals denied Reynaga's application without written order on the findings of the trial court and without a hearing. Id. at cover.

Reynaga filed this federal petition on January 20, 2006, asserting that

    (1)  the state habeas court erred in failing to hold an evidentiary hearing;

    (2)  his sentence is illegal and his indictment was defective;

    (3)  he was denied effective assistance of counsel;

    (4)  his guilty plea was involuntary; and

    (5)  he was denied the right to due process.

Jurisdiction is proper either in the district where the person is in custody or the district in which the state court convicted and sentenced the petitioner. 28 U.S.C. § 2241(d). Because Reynaga was convicted and sentenced in Harris County, Texas, jurisdiction properly lies with this court.

## II. <u>Standard of Review</u>

**A.    Summary Judgment**

A court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986).  An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id.</u>

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  Fed. R. Civ. P. 56(c).  When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party.  <u>Hunt v. Cromartie</u>, 119 S. Ct. 1545, 1551-52 (1999).  However, the nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish

that there is a triable issue. <u>Wallace v. Tex. Tech Univ.</u>, 80 F.3d 1042, 1047 (5th Cir. 1996). Nor is the nonmovant's burden satisfied by casting "some metaphysical doubt as to material facts" or where only a scintilla of evidence has been brought forth. <u>Fiesel v. Cherry</u>, 294 F.3d 664, 667 (5th Cir. 2002).

In a habeas case the court should liberally construe the petitions of <u>pro se</u> prisoner litigants. See <u>Haines v. Kerner</u>, 92 S. Ct. 594, 595-96 (1972). Procedural rules must give way at times "because of the unique circumstance of incarceration." <u>McNeil v. United States</u>, 113 S.Ct. 1980, 1984 (1993) (citing <u>Houston v. Lack</u>, 108 S.Ct. 2379 (1988)). Overall, the court holds <u>pro se</u> complaints to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines</u>, 92 S.Ct. at 596.

**B.   AEDPA**

Because Reynaga filed his federal petition for a writ of habeas corpus on January 20, 2006, his petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which apply to those habeas corpus cases filed after its effective date of April 24, 1996. See 28 U.S.C. § 2254; <u>Lindh v. Murphy</u>, 117 S.Ct. 2059, 2063 (1997).

The provisions of section 2254(d) set forth "a highly deferential standard for evaluating state-court rulings." <u>Lindh</u>,

117 S.Ct. at 2066 n.7. A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[P]ure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)." Martin v. Cain, 246 F.3d 471, 475-476 (5th Cir. 2001) (quoting Corwin v. Johnson, 150 F.3d 467, 471 (5th Cir. 1998)).

A state court's legal determination is contrary to the established precedent of the Supreme Court only when "the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." Chambers v. Johnson, 218 F.3d 360, 363 (5th Cir. 2000) (quoting Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000)). A writ of habeas corpus will issue based on an unreasonable application of federal law only if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Williams, 120 S. Ct. at 1523.

### III.  Analysis

**A.  State Habeas Error**

Reynaga claims that the state habeas court erred in failing to hold an evidentiary hearing on his claims.  Fed. Writ. Pet. at 24.  However, "infirmities in state habeas proceedings do not constitute grounds for relief in federal court."  Rudd v. Johnson, 256 F.3d 317, 319-20 (5th Cir. 2001) (quoting Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999)).  "An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"  Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) (quoting Millard v. Lynaugh, 810 F.2d 1403, 1410 (5th Cir. 1987).  Accordingly, Reynaga does not present a cognizable claim for habeas corpus relief on this issue.

**B.  Illegal Sentence and Defective Indictment**

Reynaga claims that his sentence is illegal and his indictment was defective because the prior convictions used for enhancement were not available for enhancement purposes.  The prior convictions listed on the indictment included misdemeanor DWI convictions on April 13, 2000, and August 31, 1978; a felony DWI conviction on October 15, 1985; and a felony manslaughter conviction on September 27, 1976.[2]  Ex parte Reynaga, No. 22,492-04, at 19.

---

[2]Reynaga had two other misdemeanor DWI convictions from August 26, 1986, and November 16, 1981, but these two convictions (continued...)

Reynaga contends that his conviction was not properly enhanced under Texas Penal Code section 49.09 or 12.42(d).

The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the convicting state court of jurisdiction. Riley v. Cockrell, 339 F.3d 308, 313-14 (5th Cir. 2003). Whether the indictment is sufficient to confer jurisdiction on the state trial court is a matter of state law. McKay v. Collins, 12 F.3d 66, 69 (5th Cir. 1994) (citing Lavernia v. Lynaugh, 845 F.2d 493 (5th Cir. 1988); Bueno v. Beto, 458 F.2d 457 (5th Cir. 1972)). "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." McCay, 12 F.3d at 68 (citing Millard v. Lynaugh, 810 F.2d 1403 (5th Cir. 1987); Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)).

Reynaga raised this claim in his state habeas application. Ex parte Reynaga, No. 22,492-04, at 7. The trial court recommended that the habeas petition be denied because enhancement was proper under both sections 49.09 and 12.42(d) of the Texas Penal Code. Id. at Supp. 38. The Texas Court of Criminal Appeals denied the claims without written order on the findings of the trial court and without a hearing. Id. at cover. The Texas Court of Criminal Appeals has already considered the sufficiency of the indictment, and "in declining to grant relief 'necessarily, though not

---

[2](...continued)
were not listed on the indictment. Ex parte Reynaga, No. 22,492-04, at Supp. 37.

expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.'" See McKay, 12 F.3d at 68 (quoting Alexander, 775 F.2d at 599). The state court's finding "that the indictment [was] not fundamentally defective should end the inquiry." McKay, 12 F.3d at 70.

Moreover, the prior convictions were available for enhancement purposes under section 49.09 of the Texas Penal Code.[3] Section 49.09 states that a DWI offense may be enhanced to a third-degree felony if the person has two prior DWI convictions. Tex. Pen. Code § 49.09(b)(2). Reynaga's indictment listed prior DWI convictions from April 13, 2000, and August 31, 1978. Ex parte Reynaga, No. 22,492-04, at 19. The 1978 DWI conviction is available for enhancement under section 49.09(e) of the Texas Penal Code[4] because there were a number of intervening DWI convictions and the May 2, 2003, DWI charge. Id. Thus, Reynaga's claims that his sentence is illegal and the indictment was defective are without merit because the conviction was properly enhanced.

## C. Ineffective Assistance of Trial Counsel

Reynaga asserts that his trial counsel failed to provide effective assistance. The substance of this claim concerns the

---

[3] Because the DWI conviction may be enhanced under section 49.09 of the Texas Penal Code, the court does not need to address whether enhancement is also available under section 12.42(d).

[4] Section 49.09(e) has since been repealed. Act of Sept. 1, 2005, 79th Leg., R.S., ch. 997, § 3, 2005 Tex. Gen. Laws 3365, 3366.

validity of his guilty plea. "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000) (citing James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995)). A petitioner waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, when he voluntarily pleads guilty. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). There is an exception to this rule, however, when the attorney's ineffectiveness renders the plea involuntary. Id. Ineffective assistance of counsel can undermine the knowing and voluntary requirements because the plea "would not represent an informed waiver of the defendant's constitutional rights." Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981).

When evaluating whether counsel's ineffectiveness rendered the guilty plea involuntary, the court applies the two-part test announced in Strickland v. Washington, 104 S.Ct. 2052 (1984). First, the petitioner must show that counsel's performance was deficient. Hill v. Lockhart, 106 S.Ct. 366, 370 (1985); Strickland, 104 S.Ct. at 2064. In the context of a guilty plea, this means the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. See Hill, 106 S.Ct. at 369-70. The petitioner must next show that counsel's deficient performance prejudiced the petitioner. Hill, 106 S.Ct. at 370; Strickland, 104 S.Ct. at 2064. This means that

the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 106 S.Ct. at 370. If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S.Ct. at 2069. The petitioner bears the burden of proof in an ineffective assistance of counsel claim. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

Reynaga claims that his guilty plea was involuntary because his trial counsel failed to investigate the sufficiency of the indictment. To proceed on a failure to investigate claim Reynaga must specify what a proper investigation would have revealed and how it would have benefitted him. See Glinsey, 209 F.3d at 393 (citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)). Reynaga believes that his trial counsel should have investigated the indictment because it listed prior DWI offenses that were not available for enhancement purposes. However, the court has concluded that the indictment was valid. Because the indictment was valid, Reynaga cannot show that his trial counsel's performance was deficient. Accordingly, the court will deny habeas relief on this ground.

### D.   Involuntary Guilty Plea

Reynaga claims that his guilty plea was involuntary because his trial counsel failed to investigate the sufficiency of the

indictment. Reynaga raises the same issue in this ground for relief claiming that his guilty plea was involuntary because his counsel was ineffective as he raised in his previous ground for relief claiming that his counsel was ineffective because his guilty plea was involuntary. Both grounds rely on the assumption that the indictment was defective. However, as the court previously concluded, the indictment was valid. Accordingly, the court will deny habeas relief on this ground.

Reynaga also claims that his guilty plea was involuntary because he was coerced into pleading guilty by his trial counsel. Reynaga alleges that his trial counsel, Elihu Dodier, coerced him by informing Reynaga that he was facing a sentence ranging from twenty-five years to life in prison. Fed. Writ. Pet. at 7. According to Mr. Dodier's affidavit, Mr. Dodier informed Reynaga of the potential consequences of pleading guilty or going to trial, but Mr. Dodier did not attempt to coerce Reynaga into pleading guilty. Ex parte Reynaga, No. 22,492-04, at 37.

The state habeas court weighed Reynaga's coercion claims against Mr. Dodier's affidavit and found that Mr. Dodier did not coerce Reynaga to accept the plea bargain offer and that Reynaga's guilty plea was knowingly and voluntarily entered. Id. at 41-42. A federal habeas court is "bound by the state habeas court's factual findings, both implicit and explicit." Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004). Under AEDPA "a determination of

a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

The record demonstrates that Reynaga knowingly and voluntarily entered into the plea agreement and that he was aware of its terms and conditions. Mr. Dodier stated in his affidavit that he did not attempt to coerce Reynaga into pleading guilty. Ex parte Reynaga, No. 22,492-04, at 37. Further, Reynaga initialed statements claiming that he understood the consequences of his plea, that he could receive up to 20 years' imprisonment, that he had consulted with his attorney, and that he was satisfied with the representation provided by his counsel. Id. at 47-52. Such statements of voluntariness in open court "carr[y] a strong presumption of verity." DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (citing Blackledge v. Allison, 97 S.Ct. 1621, 1629 (1977)). A petitioner who later seeks to prove that the statements were not freely and voluntarily made bears a heavy burden. Id. Reynaga has not met this burden.

Although Reynaga may have felt pressured to plead guilty because he was facing the prospect of being assessed a higher

punishment, a guilty plea is not compelled and invalid solely because the decision to plead guilty was "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." Brady v. United States, 90 S.Ct. 1463, 1470 (1970).  Accordingly, the court concludes that Reynaga has failed to overcome the strong presumption that his guilty plea was knowing and voluntary.

### E.   Procedural Due Process

Reynaga claims that he was denied his right to due process because his trial counsel ignored Reynaga's request to go to trial. The state habeas court weighed Reynaga's coercion claims against Mr. Dodier's affidavit and found that Reynaga's guilty plea was knowingly and voluntarily entered.  Ex parte Reynaga, No. 22,492-04, at 41-42.  The record adequately supports the state court's findings.  Mr. Dodier provided a brief history of the plea bargain process in his affidavit:

> Initially, Mr. Reynaga was unwilling to plead guilty because he believed that the State's plea offer was too high.  After rescheduling the case for a few settings, I continued to negotiate with the prosecutor, who ultimately agreed to abandon an enhancement paragraph and the deadly weapon allegation in exchange for Mr. Reynaga's open plea of guilty to the driving while intoxicated offense, pleas of true to the misdemeanor conviction allegations, and a plea of true to the remaining felony conviction allegation. . . . After fully explaining the State's plea offer and answering Mr. Reynaga's questions, Mr. Reynaga decided to accept the State's plea offer.

-14-

Ex parte Reynaga, No. 22,492-04, at 36. According to Mr. Dodier, Reynaga alone was responsible for the final decision to waive the right to a jury trial and accept the State's plea offer. Id. at 37. The court concludes that the state habeas record supports the court's finding.

**F.     Request for an Evidentiary Hearing**

Reynaga has requested that this court hold an evidentiary hearing. Fed. Writ. Resp. at 6. The AEDPA governs the granting of an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Reynaga is not entitled to an evidentiary hearing because he has "failed to develop a factual basis" of his claims in the state court proceedings. Id. Further, Reynaga's claims do not rely on a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2254(e)(2)(A)(i), or on a "factual predicate that could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Similarly, Reynaga has not shown clear and convincing evidence of a constitutional error. See 28 U.S.C. § 2254(e)(2)(B). Therefore, Reynaga's request for an evidentiary hearing will be denied.

**IV.   Certificate of Appealability**

Reynaga has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, but the court may rule on a COA sua sponte. See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." 28 U.S.C. § 2253(c)(1). To obtain a COA Reynaga must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S.Ct. 2562, 2569 (2004). To make such a showing Reynaga must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S.Ct. at 2569. For the reasons stated in this Memorandum Opinion and Order, Reynaga has not made a substantial showing of the denial of a constitutional right.

## V.  Conclusion and Order

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief.

The court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**.

2. Reynaga's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3. Reynaga's Objection to Second Motion for Extension of Time (Docket Entry No. 13) is **MOOT**.

4. Reynaga's request for an evidentiary hearing (Docket Entry No. 16) is **DENIED**.

5.  A certificate of appealability is **DENIED**.

6.  The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 9th day of August, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE